818 F.2d 28
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Grand Jury Proceedings.
UNITED STATES of America, Plaintiff-Appellee,
v.
UNDER SEAL, Defendant-Appellant.
 No. 87-5051.
 United States Court of Appeals, Fourth Circuit.
 Notice of Appeal Filed March 27, 1987.
Decided April 24, 1987.
 
 David J. Damico, for appellant.
 Richard Pierce, Assistant United States Attorney (John P. Alderman, United States Attorney, on brief), for appellee.
 Before WIDENER and WILKINSON, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The defendant, who is the appellant in this case, has been ordered to jail because of his refusal to testify after a grant of use immunity by the district court. He was previously convicted of federal narcotics and state murder charges and is in federal prison, from whence he will doubtless be released to the state authorities on expiration of his federal sentence.
 
 
 2
 The government seeks information from the defendant about his participation in, and knowledge of, various narcotics transactions and his activities with respect to them. The defendant has refused to testify on the ground that both his federal narcotics and his state murder convictions are on appeal and the information given to the grand jury may be used against him should either of those convictions be reversed. He gives as further grounds for refusing to testify that the information he gives before the grand jury might extend his federal parole eligibility date for his federal narcotics convictions.
 
 
 3
 As the defendant recognizes, his first assignment of error, that of the use of the grand jury testimony in the pending criminal cases, has been substantially decided against him by the language of the Court in Katz v. United States, 389 U.S. 347 (1967), where, in note 3, p. 349, the Court said: "...it is clear that the fruit of his testimony cannot be used against him in any state trial." This statement of the Court was made in connection with testimony given under grant of immunity, as here.
 
 
 4
 The government, in its brief, does not directly meet the defendant's contention that the information learned from his grand jury testimony may be turned over by the United States Attorney to the parole board; rather, it begs the question and states that "to the extent parole determinations are a continuation of the criminal case, such determinations cannot be used in whole or in part on the immunized testimony." Brief p. 4.
 
 
 5
 As the district court and the government recognized at the hearing at which defendant was held in contempt of court, the district court may enter a protective order as to the use the government may make of the grand jury testimony. In that way, the district court may prevent the United States from turning over the testimony or information learned from it to the federal or state authorities to use in a prosecution, or it may prevent the United States from turning over such information to the parole board. If the United States insists on turning such information over to the parole board and the district court permits this to be done, then that is a matter for another day, and we need express no opinion on that question at this time.
 
 
 6
 The judgment of the district court is accordingly
 
 
 7
 AFFIRMED.